RENDERED:  AUGUST 7, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0781-MR

JAMES EYE AND JASON EYE,
AS ADMINISTRATOR FOR THE ESTATE
OF MARGARITA EYE, DECEASED　　　　　　　　　　APPELLANTS


　　　　　　　　APPEAL FROM JEFFERSON CIRCUIT COURT
v.　　　　　　　HONORABLE TRACY E. DAVIS, JUDGE
　　　　　　　　ACTION NO. 21-CI-002413


PORTERHOUSE HOMES, LLC A/K/A
PORTERHOUSE CONSTRUCTION, LLC
A/K/A ALVIN LLOYD AND LEWIS ALAN
HARTLEY A/K/A ALAN HARTLEY LAND
SURVEYS　　　　　　　　　　　　　　　　　　　APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND L. JONES, JUDGES.

CETRULO, JUDGE:  Appellants James and Jason Eye[1] appeal the Jefferson Circuit Court order denying their motion to vacate an arbitration award.  As James and Jason failed to demonstrate arbitrator partiality, we affirm.

## BACKGROUND

In 2019, James and Margarita Eye (together, the "Eyes") contracted with Appellee Porterhouse Homes, LLC ("Porterhouse") and Alvin Lloyd ("Lloyd") for a custom-built retirement home in Louisville, Kentucky ("House"). This Construction and Purchase Agreement ("Contract") required the parties to participate in binding arbitration if the parties were unable to mutually resolve any controversy or claim arising out of the Contract.

In 2020, the Eyes, alleging uncured defects in the House construction, initiated arbitration.  The Eyes asserted Porterhouse breached the Contract by (1) fraudulently misrepresenting the required elevation of the House; (2) failing to properly excavate the home site to avoid the need for steps; and (3) improperly positioning the House on the lot (resulting in an "S" curve in the driveway).  As the completed House contained steps the Eyes were unable to navigate, they sold it at a loss nine months after closing (without having moved into the House).  The Eyes sought damages for the reduction in the fair market value of the House due to the

---

[1] The original parties in the underlying action were James and Margarita Eye, husband and wife. However, Margarita passed away in 2024, and her son, Jason Eye, represents her interests on appeal as the administrator of her estate.

alleged defects as well as other expenses incurred for an approximate total of $90,000.  Porterhouse denied the Eyes' claims and asserted the House was built according to the agreed upon terms.

In preparation for an arbitration evidentiary hearing, the Eyes attempted to depose the House's surveyor, Lewis Alan Hartley, Jr. ("Surveyor Hartley").  The Eyes alleged that Porterhouse hired Surveyor Hartley to "square, locate and position" the "lot[] improvements."  Despite an arbitrator-issued subpoena, the Eyes alleged Surveyor Hartley did not appear for his March 2021 deposition.  Subsequently, in April 2021, the Eyes, *pro se*, moved the Jefferson Circuit Court for a show cause order pursuant to KRS[2] 417.190[3] and requested the court's assistance in compelling Surveyor Hartley to testify.  The Eyes named both Porterhouse and Surveyor Hartley as defendants.[4]  Neither Porterhouse nor Surveyor Hartley replied.

---

[2] Kentucky Revised Statute.

[3] "Except as otherwise provided, an application to the court under this chapter shall be by motion and shall be heard in the manner and upon the notice provided by law or rule of court for the making and hearing of motions in civil cases.  Unless the parties have agreed otherwise, notice of an initial application for an order shall be served in the manner provided by law for the service of a summons in civil cases."  KRS 417.190.

[4] The Eyes' civil case cover sheet named the defendants as only "Alvin Lloyd d/b/a/ Porterhouse Construction, LLC" but the only named defendants on the show cause motion were Porterhouse and Surveyor Hartley.

In June 2021, the circuit court denied the Eyes' motion and stated it was unclear from the record if the court had jurisdiction over Surveyor Hartley. The circuit court determined "service provided by the Eyes appear[ed] deficient[,]" and granted the Eyes leave to amend their complaint to have summons issued and served on Surveyor Hartley (in order to invoke jurisdiction over him). The circuit court encouraged the Eyes to seek the assistance of legal counsel.

In July 2021, the Eyes, *pro se*, filed a Petition for Sworn Testimony and Subpoena Duces Tecum requesting an order "commanding" Surveyor Hartley to testify.[5] This pleading included defendants Porterhouse, Lloyd, and Surveyor Hartley. In August, Surveyor Hartley responded and agreed to submit to a deposition. The record does not include responses on behalf of Porterhouse or Lloyd. It does not appear the circuit court ruled on the Eyes' petition, presumably due to Surveyor Hartley's response agreeing to the deposition.

On September 9, 2021, the Eyes filed a notice-motion alerting the circuit court to the agreed-upon Surveyor Hartley deposition date of September 23 and moving for a second subpoena for Surveyor Hartley's appearance at the final arbitration hearing. The circuit court did not rule on this notice-motion in written

[5] The Eyes accused the surveyor of "recklessly position[ing] the [House] without care or concern whether the House was properly aligned" and accused him of "ignoring" a lawful subpoena. Further, the Eyes argued Porterhouse (and its architect) failed to select and recommend a building plan that was appropriate for their pie-shaped lot and breached the Contract by failing to provide the Eyes with a closing survey, a void that was likely rooted in intentional deceit.

-4-

form. As the record on appeal does not include any video recordings, it is unclear if the court orally ruled from the bench during its September 13 motion hour. After this notice-motion, nothing appears in the record until August 2023. However, it appears from later filings that the arbitration proceeded without Surveyor Hartley's deposition having taken place.

In May 2023, the Arbitrator issued findings of fact and conclusions of law and found in favor of Porterhouse on all counts ("Arbitration Award"). The Arbitration Award stated: (1) the Eyes were barred from recovering for any alleged breach of the contract because James breached it first; (2) the Eyes were equitably estopped from recovering for any alleged problem with the House because James "failed to raise any concerns with the location, number of steps, or location of the House with Lloyd . . . prior to it being all but completed"; (3) James waived any right to complain about the House as he did not give Lloyd adequate opportunity to repair any House defects; (4) the House was constructed in a workmanlike manner; and (5) the Eyes failed to meet their burden of proof on their fraud claim.

In August 2023, the Eyes, *pro se*, moved the circuit court to vacate the Arbitration Award by filing a motion to join their arbitration appeal with the "current case" against Porterhouse.[6] In their motion, the Eyes (1) accused the

---

[6] The Eyes' motion was titled "MOTION TO JOIN PLAINTIFF'S ARBITRATION APPEAL PURSUANT TO KRS 417 WITH PLAINTIFF'S CURRENT CASE AGAINST PORTERHOUSE CONSTRUCTION LLC, ET. AL."

"Arbi*TRATOR*" of bias and improperly withholding Porterhouse exhibits from them; (2) asserted the Arbitrator's findings were unsupported by the record; (3) stated the Arbitrator improperly relied upon the testimony of an "unlicensed" engineer; and, (4) the arbitration award should be vacated because the arbitration requirement was "buried within an eight-page adhesive Contract[,]" and contrary to public policy. The Eyes argued the Arbitrator "caused a stench in the nostrils of jurisprudence." The record does not include a response by any party or an order from the circuit court addressing the Eyes' motion. It is unclear if the circuit court orally addressed the Eyes' motion during its September 5, 2023 motion hour, and nothing appears in the written record until May 2025.

On May 8, 2025 – now two years after the Arbitration Award – James again moved *pro se* for arbitration review and an order vacating the arbitration. James alleged the Arbitration Award was a "sham" and "tainted by fraud or favoritism." On May 22, 2025, before any responses were entered, the Jefferson Circuit Court denied James's motion to review the Arbitration Award. Granting James, as a *pro se* litigant, leniency on procedural issues, the circuit court ruled on the merits of the motion, but denied the motion, determining that he did not establish the Arbitrator was biased or acted fraudulently. This appeal followed.

-6-

## ANALYSIS

"Generally, courts may not review an arbitrator's award." *Don Booth of Breland Grp. v. K&D Builders, Inc.*, 626 S.W.3d 601, 606-07 (Ky. 2021) (quoting *Taylor v. Fitz Coal Co. Inc.*, 618 S.W.2d 432, 432 (Ky. 1981)). "Only if the arbitrator's decision is alleged to have been tainted by fraud or favoritism does the trial court have the ability to intercede." *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682, 692 (Ky. 2010) (citations omitted). In fact, the sole means by which an award may be vacated is upon a showing that it meets one of the specific grounds enumerated in Kentucky's Uniform Arbitration Act, KRS Chapter 417. *See Meers v. Semonin Realtors*, 525 S.W.3d 545, 549 (Ky. App. 2017) (quoting *Ison v. Robinson*, 411 S.W.3d 766, 770 (Ky. 2013)) (citing KRS 417.160(1)). KRS 417.160(1) establishes five grounds upon which the reviewing court may vacate an arbitration award. Relevant here is only KRS 417.160(1)(b), which states that an arbitration award may be vacated if "[t]here was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party[.]"

On appeal, James fails to appreciate our limited review.[7] He attempts to relitigate the issues argued before the Arbitrator such as alleged

---

[7] James mistakenly argues for *de novo* review of legal issues as applied to a summary judgment, but the order on appeal is not granting summary judgment; the order on appeal is denying a motion to vacate an arbitration decision.

builder/surveyor/engineer errors in the placement of the House upon the lot and the elevation of the House. James also challenges the Arbitrator's evidentiary determinations, including the decision to proceed to the final hearing before Surveyor Hartley's deposition could be taken and the Arbitrator's decision to admit the engineer's sworn statement (as opposed to requiring him to testify in person). Yet, this appeal is not an opportunity to relitigate contractual matters, challenge the facts or legal conclusions of the Arbitrator, or present new facts. "An arbitration award may not be set aside for mere errors of law or fact, and an arbitrator's resolution of factual disputes and his application of the law are not subject to review by the courts." *Don Booth*, 626 S.W.3d at 607 (internal quotation marks and citations omitted). The Arbitrator's "resolution of factual disputes and his application of the law" are irrelevant here, because those findings and conclusions are "not subject to review by the courts." *Id.* (quoting *Conagra Poultry Co. v. Grissom Transp., Inc.*, 186 S.W.3d 243, 245 (Ky. App. 2006)).

Additionally, James improperly raises issues for the first time on appeal. For instance, James contends the issues on appeal include legal arguments around open-and-obvious hazards and implied warranties. Even if this Court was permitted a substantive review of an arbitration award, we are not permitted to review arguments presented for the first time on appeal. *Jones v. Livesay*, 551 S.W.3d 47, 52-3 (Ky. App. 2018) (citations omitted). Thus, as these issues were

-8-

not presented to the circuit court, we cannot address arguments surrounding open-and-obvious hazards and implied warranties.

Focusing on the arguments as they relate to KRS 417.160(1)(b), James argues the Arbitration Award must be vacated because the Arbitrator exhibited partiality. He asserts the Arbitrator egregiously disregarded the law, thereby demonstrating his bias. However, James "cannot, under the guise of an accusation of bias," challenge the Arbitrator's legal conclusions to this Court. *See Hastetter v. Commonwealth Pain Specialists, PLLC*, 695 S.W.3d 80, 87 (Ky. App. 2024). "The alleged partiality must be direct, definite, and capable of demonstration, and the party asserting it must establish specific facts that indicate improper motives on the part of the arbitrator." *Id.* (quoting *Meers*, 525 S.W.3d at 550). James does not meet this burden.

James does not direct us to any specific aspect of the Arbitration Award that meets this partiality standard. He argues the Arbitrator improperly found that he failed to notify Porterhouse of the problems with the House, thereby breaching the Contract and waiving the right to contest structural issues. Yet even assuming arguendo that this argument had merit, these claims are still not demonstrative of partiality.

Additionally, James argues the arbitration proceedings indicate bias as the Arbitrator (1) rolled his eyes during James's expert witness testimony; (2)

-9-

required James to proceed to the hearing without first having the opportunity to depose Surveyor Hartley; and (c) allowed Porterhouse to submit an expert's sworn affidavit (as opposed to requiring him to testify in person). Yet, again, these are not direct, definite, or demonstrative examples of partiality but rather, attempts to demonstrate bias *indirectly*. First, eye-rolling, assuming such existed, might indicate annoyance but is not directly indicative of bias. Second, the Arbitrator's evidentiary decisions, such as the admission of the expert's affidavit, are non-reviewable. These examples are insufficient to demonstrate bias and do not warrant vacating the arbitration decision.

We reiterate that, in Kentucky, "arbitrators hold expansive power." *Hastetter*, 695 S.W.3d at 86. Under these circumstances, our review is limited, and James did not meet his burden of demonstrating partiality. We may not engage in an impermissible review of the Arbitrator's legal analysis under the pretext of alleged bias.

## CONCLUSION

Accordingly, we AFFIRM the Jefferson Circuit Court order denying James's motion to vacate the Arbitration Award.

ALL CONCUR.

-10-

BRIEFS FOR APPELLANTS:

James Eye, *pro se*
Jason Eye, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE
PORTERHOUSE HOMES, LLC
A/K/A PORTERHOUSE
CONSTRUCTION, LLC A/K/A
ALVIN LLOYD:

Douglas L. Hoots
Lexington, Kentucky